IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
MAR 0 1 2016
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY:_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: CR 16-043 M |
| vs. ) | |
| ) | Violation: 15 U.S.C. § 1 |
| AUBREY K. McCLENDON ) | |
| ) | |
| ) | |
| Defendant. ) | |

# INDICTMENT

The Federal Grand Jury charges:

## Introduction

At all times relevant to this Indictment:

1. The defendant, **AUBREY K. McCLENDON**, was employed by Company A as its Chief Executive Officer, President, and as a Director until at least March 2012.

2. Co-conspirator 1 was employed by Company B as its Chief Executive Officer and Chairman of the Board of Directors until at least March 2012.

3. Company A was a corporation organized and existing under the laws of Oklahoma with its principal place of business in Oklahoma City, Oklahoma. Company B was a corporation organized and existing under the laws of Delaware with its principal place of business in Oklahoma City, Oklahoma.

4. In the business of oil and natural gas exploration and production, companies frequently compete to purchase leasehold interests. A leasehold interest grants a lessee the right to develop the land and to explore for and extract oil and natural gas for a set length of time. Typical oil and natural gas leases span three to five years. If a lessee drills on the land during that time period, the lease is considered "held by production" for as long thereafter as oil and gas or either of them is produced from these lands.

5. In addition to competing for leasehold interests for undeveloped land, companies also compete to purchase producing properties. Producing properties are tracts of land with one or more wells that are actively producing oil and/or natural gas. A lessee may sell its interest in the producing property, which typically includes both the underlying leasehold interest and the infrastructure, to another oil and gas company.

6. Company A and Company B were engaged in the business of oil and natural gas exploration and production and were actual and potential competitors in the acquisition of leasehold interests and producing properties in northwest Oklahoma, including the leasehold interests and producing properties subject to the charged combination and conspiracy.

**COUNT 1: Conspiracy to Rig Bids**

7. Beginning at least as early as December 2007 and continuing until at least as late as March 2012, the exact dates being unknown to the Grand Jury, in the Western District of Oklahoma, the defendant, **AUBREY K. McCLENDON**, and his co-conspirators knowingly entered into and engaged in a combination and conspiracy to

2

suppress and eliminate competition by rigging bids for certain leasehold interests and producing properties. The combination and conspiracy engaged in by the defendant, **AUBREY K. McCLENDON**, and his co-conspirators was in unreasonable restraint of interstate commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

8. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant, **AUBREY K. McCLENDON**, and his co-conspirators, the substantial terms of which were to suppress the prices that Company A and Company B paid to acquire certain leasehold interests and producing properties in the Western District of Oklahoma by eliminating competition between Company A and Company B for the purchase of these leasehold interests and producing properties.

9. The charged combination and conspiracy began on or about December 27, 2007 when the defendant, **AUBREY K. McCLENDON**, contacted Co-conspirator 1 and proposed eliminating the head-to-head competition between Company A and Company B for the purchase of certain leaseholds and producing properties in northwest Oklahoma by agreeing not to submit bids for these leaseholds and producing properties in order to keep prices down. The defendant, **AUBREY K. McCLENDON**, and Co-conspirator 1 agreed that Company B would refrain from submitting bids for these leaseholds and producing properties in order to keep prices down and in exchange for Company B receiving a share of the leaseholds and producing properties purchased by Company A at Company A's cost.

10. The defendant, **AUBREY K. McCLENDON**, and his co-conspirators continued to rig bids for the purchase of additional leaseholds and producing properties in northwest Oklahoma in a similar manner, as described below, until at least as late as March 2012.

11. Various corporations and individuals, not made defendants in this Indictment, participated as co-conspirators in the offense charged herein and performed acts and made statements in furtherance thereof.

12. Whenever in this Indictment reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control or transaction of its business or affairs.

### Manner and Means of the Conspiracy

13. For the purpose of forming and carrying out the charged combination and conspiracy, the defendant, **AUBREY K. McCLENDON**, and his co-conspirators did those things that they combined and conspired to do, including, among other things:

    (a) engaging in communications concerning certain leasehold interests and producing properties, and the prices therefor, in the Western District of Oklahoma;

    (b) agreeing during those communications that Company A and Company B would not compete against one another for certain leasehold interests and producing properties in the Western District

4

of Oklahoma either by one company not submitting offers or bids to certain owners of leasehold interests and producing properties, or by one company withdrawing previously submitted offers or bids to certain owners of leasehold interests and producing properties in exchange for a share or a subset of the leasehold interests and/or producing properties purchased by the other company at the acquisition cost;

(c) submitting offers or bids, withholding offers or bids, or acting to withdraw previously submitted offers or bids, to owners of certain leasehold interests and producing properties in the Western District of Oklahoma in accordance with the agreement reached;

(d) acquiring certain leasehold interests and producing properties in the Western District of Oklahoma at collusive and noncompetitive prices and then providing the non-acquiring co-conspirator a share or a subset of the leasehold interests and/or producing properties at the acquiring co-conspirator's cost; and

(e) employing measures to keep their conduct secret, including, but not limited to, agreeing not to reveal their anticompetitive agreement to the owners of the leasehold interests and producing properties at issue in this Indictment, and instructing their subordinates to do the same.

## Trade and Commerce

14. During the period covered by this Indictment, the business activities of defendant, **AUBREY K. McCLENDON**, and his co-conspirators in connection with the purchases of leasehold interests and producing properties that are the subject of this Indictment were within the continuous and uninterrupted flow of, and substantially affected, interstate trade and commerce, including:

   (a) entering into and executing transactions for the purchase of leasehold interests and producing properties that include purchasers and sellers from different states;

   (b) transferring or causing the transfer of substantial sums of money across state lines in connection with purchases of leasehold interests and producing properties; and

   (c) selling oil and natural gas in interstate commerce.

All pursuant to Title 15, United States Code, Section 1.

A TRUE BILL:

*[signature]*

FOREPERSON OF THE GRAND JURY

_/s/ William J. Baer_
WILLIAM J. BAER
Assistant Attorney General

_/s/ Frank J. Vondrak_
FRANK J. VONDRAK
Chief, Chicago Office

_/s/ Brent Snyder_
BRENT SNYDER
Deputy Assistant Attorney General

_/s/ Marvin N. Price, Jr._
MARVIN N. PRICE, JR.
Director of Criminal Enforcement

_/s/ Kalina M. Tulley_
KALINA M. TULLEY
Assistant Chief

STEPHEN D. BOOKER
JASON C. TURNER
CHESTER C. CHOI

Antitrust Division
U.S. Department of Justice

Attorneys, Antitrust Division
U.S. Department of Justice
Chicago Office
209 S. LaSalle Street, Suite 600
Chicago, Illinois 60604
Tel.: (312) 984-7200